IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERIC PARR, | ) | CV. NO. 06-00192 SPK-BMK |
| | ) | |
| Plaintiff, | ) | FINDING AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | JUDGMENT BY DEFAULT BE |
| ENTERTAINMENT | ) | GRANTED IN PART AND |
| INTERNATIONAL, INC., | ) | DENIED IN PART |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR
JUDGMENT BY DEFAULT BE GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiff Eric Parr's motion for judgment by default against Defendant Entertainment International, Inc. This motion was heard on September 29, 2006. After careful consideration of the motion and arguments of counsel, the Court hereby FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED in part and DENIED in part.

On April 10, 2006, Plaintiff Eric Parr filed a complaint alleging that Defendant Entertainment International, Inc. violated the Americans with Disabilities Act (ADA) and Hawaii Revised Statute § 347-13 by "having failed to

eliminate readily achievable architectural barriers to equal accessibility, including but not limited to only its men's restroom" at its establishment on 939 Keeaumoku Street in Honolulu.  The complaint and summons were successfully served on the Defendant on May 5, 2006.  The Defendant failed to answer within 20 days as required by Rule 12 of the Federal Rules of Civil Procedure.  On May 31, default was entered against the Defendant.

On August 9, 2006, Plaintiff moved the Court for a judgment granting him the following relief: (1) a permanent injunction ordering the defendant's full compliance with the ADA within ninety (90) days and its continued compliance in the future; (2)statutory damages in the amount of $1,000.00; and (3) payment of Plaintiff's attorney's fees in the amount of $3,265.64 and costs in the amount of $396.00.  The Court RECOMMENDS that this relief be GRANTED in part and DENIED in part.

First, the Court RECOMMENDS that Plaintiff be GRANTED a permanent injunction ordering defendant's full compliance with the ADA within ninety (90) days and its continued compliance in the future, but only with respect to Defendant's 939 Keeaumoku Street establishment.  The injunction will not apply to any other establishments owned or operated by Defendant.

Second, the Court RECOMMENDS that Plaintiff be DENIED

monetary damages.  On December 8, 2006, Plaintiff's attorney submitted a supplemental declaration stating that "Plaintiff has chosen to abandon his prayer for monetary damages to eliminate the possibility he brought this suit for personal gain." (Phillips Supplemental Decl. 2.)  Therefore, monetary damages should be denied.

Third, the Court RECOMMENDS that Plaintiff be GRANTED costs in the amount of **$396.00** and attorneys' fees in the amount of **$2,406.23**.  This figure is based on Plaintiff's requested hourly rate of $275 per hour multiplied by the 8.4 hours of work actually completed, plus Hawaii's 4.166% excise tax.  Plaintiff will not be allowed fees for the 3.0 hours of time he estimates will be needed for "[a]ssuring compliance with judgment," (Pl.'s Mot. for Default, Ex. B).

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 18, 2006

Parr v. Entertainment Int'l, Inc.; FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT BE GRANTED IN PART AND DENIED IN PART; CIV. NO. 06-00192 SPK-BMK